## HUBBELL et v HUBBELL

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14682: Decided Dec 16, 1935

Samuel Burgert, Cleveland, John A. Cline, Cleveland, and Suggs Garber, Cleveland, for plaintiffs in error.

Hartshorn, Thomas & Abele, Cleveland, for defendant in error.

MIDDLETON, PJ, BLOSSER and McCURDY, JJ, (4th Dist) sitting by designaton.

638

**OPINION**

By BLOSSER, J.

At the trial the plaintiff called Mary Louise Hubbell, the widow of O. S. Hubbell, and one of the executors of his estate for cross-examination. The defendants objected to her testifying, claiming that she came within the próvisions of §11495 GC. The court overruled the objection and permitted her to testify under cross-examination. That section of the General Code provides in part:

"A party shall not testify when the adverse party is the guardian or trustee of either a deaf or dumb or of an insane person or of a child of a deceased person, or is the executor or administrator or claims or defends as heir, grantee, assignee, devisee or legatee of a deceased person, except * * *."

It is plain to be seen that she could not claim to be exempt from testifying by the provisions of this section. She did not come within the terms of the statute. This section does not prohibit the executor from testifying but is intended to prevent a party adverse to the deceased from testifying. **Doughman, Admr. v Doughman, 21 Oh St 658.**

Counsel for the executors issued a subpoena for the plaintiff before the trial and took his deposition although the deposition was not offered in evidence at the trial. At the trial he testified in person in his own behalf at length concerning conversations and transactions with the deceased, O. S. Hubbell. This is asserted to be error and is one of the grounds upon which reversal is sought. The plaintiff was an incompetent witness by the provisions of §11495 GC. He came clearly within the terms of the statute and should not have been permitted to testify if timely objection had been made. **Lemunyon v Newcomb, Exr., 120 Oh St 55.** The record discloses that the defendants not only took his evidence by deposition but that he was permitted to testify at the trial without any objection or exception as to his competency as a witness, that he was cross-examined at length by the defendants, that at no place in the record was there any objection or exception and there was no motion to rule out his evidence. After verdict and judgment it is too late to raise the question of his competency as a witness, and it is too late in this proceeding in error, for the executors may waive the protection of the statute. **Stream v Barnard, Exr., 120 Oh St 206.**

It is asserted that O. S. Hubbell could not discharge the plaintiff from the House of Hubbell; that the rules and by-laws of the corporation did not give him such authority. The evidence discloses that O. S. Hubbell was the founder of the House of Hubbell and its president. He was its largest stockholder and had dominated and managed its affairs for many years. In other words, it was a one-man corporation. There is ample evidence in the record that he discharged the plaintiff. Whether the act was done strictly within the words of the by-laws of the corporation or not, the discharge was complete as far as O. S. Hubbell was concerned, and it amounted to a violation of the contract with plaintiff on his part. He did all in his power to breach the contract. The contract sued on was not between the plaintiff and the corporation but between the plaintiff and O. S. Hubbell.

It is asserted that the verdict is not supported by the evidence. With this contention we can not agree. There was some conflicting evidence, but there was evidence to support all of the material alle-

gations of the petition. It was the jury's province to decide whom to believe and whom not to believe.

O. S. Hubbell at the time of making the agreement with James Leslie Hubbell was the owner of 1401 shares of stock in the corporation which was worth according to the evidence about $75.00 a share. This he failed to turn over to his son or to leave him in his will. O. S. Hubbell by his conduct made it impossible for the plaintiff to continue in the service of the House of Hubbell and we are not prepared to say that the jury was wrong in its conclusions.

We have examined all of the assignments of error presented and find no error sufficient to warrant a reversal of the judgment.

Judgment affirmed.

MIDDLETON, PJ, and McCURDY, J, concur.